# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No.: 8:18-cr-331-WFJ-CPT

FRIXON EDUARDO PINEDA-MARTINEZ

_____/

## ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, Frixon Eduardo Pineda-Martinez, USM#: 70760-018, moves, *pro se*, (Dkt. 125) for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On January 16, 2019, Frixon Eduardo Pineda-Martinez was sentenced under 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii), to conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the U.S. He received a 98-month prison term. Mr. Pineda-Martinez's total offense level was 33. He was assessed no criminal history points, and his criminal history was category I. Mr. Pineda-Martinez's advisory sentencing range was 135-168 months, and he received a below-the-guidelines sentence based on a three-level downward departure. The Court varied downward in view of the Defendant's extreme

poverty, need for job training, and need to care for family. The sentence imposed was also below the mandatory minimum, which did not apply based on the statutory safety valve. The Bureau of Prisons online inmate locator shows a release date from BOP custody as of July 20, 2025.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821. USPO submits a memorandum reporting that under 18 U.S.C. § 3582(c)(2) and the policy statement in USSG §1B1.10(b)(2)(A), a retroactive application of Amendment 821 would impermissibly reduce Mr. Pineda-Martinez's term of imprisonment to below the minimum of the amended guideline range of 108-135 months in prison.

A Federal Defender was appointed and filed a notice of satisfying its requirements under the Amendment 821 Omnibus Order. Dkt. 154. The Federal Defender will not be filing a motion for sentence reduction on behalf of Defendant Frixon Eduardo Pineda-Martinez because he "was sentenced to the lowest permissible sentence." *Id*. This Court provided 21 days for any *pro se* filing, but nothing has been filed. Dkt. 155.

The Court already granted a significant, three-level downward variance. The downward variance was based on the extreme poverty the Defendant experienced in Ecuador, his young age together with lack of education and youthful guidance and his family ties and responsibilities, his remorse, and acceptance of responsibility.

Even if Defendant were eligible and even considering the revised advisory guidelines and the sentencing factors in 18 U.S.C. § 3553(a), the Court would not reduce the 98-month sentence. This case involved a smuggling venture aboard a go-fast vessel interdicted in the Eastern Pacific Ocean loaded with 1,199 kilograms of cocaine. To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (a)(2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction. Lastly, Defendant is a citizen of Ecuador with an unresolved ICE detainer.

Mr. Pineda-Martinez's *pro se* motion (Dkt. 125) for a reduction in sentence is **DENIED**. His sentence remains unchanged.

**DONE AND ORDERED** at Tampa, Florida on April 15, 2025.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE